**The below described is SIGNED.**



**Dated: June 30, 2009**    _____

**JUDITH A. BOULDEN**
**U.S. Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy Number: 08-20105 |
| C.W. MINING COMPANY, *dba* Co-Op Mining Company, | Chapter 7 |
| Debtor. | |
| KENNETH A. RUSHTON, Chapter 7 Trustee, | |
| Plaintiff, | Adversary Proceeding No. 09-2047 |
| v. | Judge Judith A. Boulden |
| STANDARD INDUSTRIES, INC.; ABM, INC.; FIDELITY FUNDING COMPANY; SECURITY FUNDING, INC.; WORLD ENTERPRISES; and UTAHAMERICAN ENERGY, INC., | |
| Defendants. | |
| UTAHAMERICAN ENERGY, INC. | |
| v. | |
| KENNETH A. RUSHTON; STANDARD INDUSTRIES, INC.; and AQUILA, INC. | |

STANDARD INDUSTRIES, INC.; ABM,
INC.; SECURITY FUNDING, INC.; and
WORLD ENTERPRISES

v.

KENNETH A. RUSHTON;
UTAHAMERICAN ENERGY, INC.;
C.W. MINING COMPANY; HIAWATHA
COAL COMPANY, INC.; AQUILA,
INC.; and DOES 1-10

---

### MEMORANDUM DECISION DENYING STANDARD INDUSTRIES, INC.; ABM, INC.; FIDELITY FUNDING COMPANY; SECURITY FUNDING, INC.; AND WORLD ENTERPRISES' MOTION TO DISMISS FOR FAILURE TO JOIN NECESSARY PARTIES

Before the Court is the Motion to Dismiss for Failure to Join Necessary Parties (Motion) filed by defendants Standard Industries, Inc.; ABM, Inc.; Fidelity Funding Company; Security Funding, Inc.; and World Enterprises (Standard) seeking dismissal of the above-captioned adversary proceeding for failure to join indispensable parties under Federal Rule of Civil Procedure 19.[1]  The Chapter 7 Trustee, plaintiff in this action, filed a response to the Motion, and Standard replied.  On May 22, 2009, the Court issued its Order Taking the Motion to Dismiss for Failure to Join Necessary Parties Under Advisement Without Oral Argument.  The Court has now thoroughly reviewed the pleadings and conducted an independent inquiry into applicable case law.  Now being fully advised, the Court hereby issues the following Memorandum Decision.[2]

---

[1]     UtahAmerican Energy, Inc., the only other defendant in the original Complaint, has not joined in the Motion.

[2]     Standard filed a Motion to Withdraw Reference to Bankruptcy Court on April 27, 2009, and that motion is still pending before the District Court.  Pursuant to Federal Rule of Bankruptcy

## I. FACTS

Except for the Eighth and Ninth Claims for Relief for breach of contract and automatic

stay violations, respectively, this adversary proceeding was brought by the Trustee under §§ 544,

547, 548, and 549 of the Bankruptcy Code to avoid and then recover or preserve various alleged

pre- and postpetition transfers (including various alleged security interests).  Given this

framework, Standard alleges that two parties must be joined: the Debtor and Hiawatha Coal

Company, Inc. (Hiawatha).[3]  In Standard's view, the Debtor must be joined because it "is a party

to most of [the] contracts" referenced in the Complaint, it "has a direct interest in the

adjudication of its own contract rights," and the Trustee has placed himself in "direct conflict"

with the Debtor's interests by taking contrary positions to the Debtor with respect to those

contract rights.[4]  Standard further argues that the Trustee "owes affirmative duties" to the Debtor

---

Procedure 5011(c), "[t]he filing of a motion for withdrawal of a case or proceeding . . . shall not stay the
administration of the case or any proceeding therein before the bankruptcy judge except that the
bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition
of the motion."  No party has requested a stay of this adversary proceeding, and the Court finds it
otherwise appropriate to issue this Memorandum Decision as part of the ongoing administration of this
adversary proceeding.

[3]      On April 27, 2009 and as amended on June 9, 2009, Standard Industries, Inc.; ABM,
Inc.; Security Funding, Inc.; and World Enterprises (Third-Party Plaintiffs) sued both the Debtor and
Hiawatha as third-party defendants.  The direct causes of action against the Debtor and Hiawatha involve
claims relating to UtahAmerican Energy, Inc. and to Standard Industries, Inc.'s alleged entitlement to
certain administrative expense and/or priority claims.  The Amended Answer, Counterclaim, Cross-
Claim, and Third Party Complaint also asserts several causes of action regarding a purported sale to
Hiawatha that are essentially duplicative of claims raised by the Trustee and opposed by Hiawatha in
*Rushton v. Hiawatha Coal Company, Inc.*, adversary proceeding #08-2338.  The Court does not believe
that the present addition of the Debtor and Hiawatha as limited third-party defendants of the Third-Party
Plaintiffs moots the issues raised by the Motion under the circumstances of this adversary proceeding.
*Cf. Int'l Film Exch., Ltd. v. Corinth Films, Inc.*, 621 F.Supp. 631, 632 n.1 (S.D.N.Y. 1985) (finding
defendants' Rule 19 motion moot after original plaintiffs joined the requested parties).

[4]      Standard's Memo. in Support of Motion, p. 2.

and that the Debtor and its shareholders "would be free to bring a separate adversary proceeding against the Trustee" based on his performance of those duties.[5]

As to Hiawatha, Standard argues that Hiawatha's purported purchase of certain allegedly encumbered assets and Hiawatha's subsequent entry into "other agreements" with some of the defendants in this action require Hiawatha's joinder in this proceeding.[6] The facts regarding the alleged sale to Hiawatha are more fully discussed by the Court in both (1) the Amended Memorandum Decision Denying COP Coal Development Company's Motion to Require the Trustee to Assume or Reject Lease, and Granting Trustee's Motion to Extend Time for Trustee to Assume or Reject Executory Contracts or Unexpired Leases of the Debtor entered in the main bankruptcy case on April 23, 2009, and (2) the Memorandum Decision Denying Hiawatha Coal Company, Inc.'s Motion for Partial Summary Judgment, Granting the Chapter 7 Trustee's Cross-Motion for Summary Judgment, and Striking the Trial Dates of May 27 and 28, 2009 entered in adversary proceeding #08-2338 (*Rushton v. Hiawatha Coal Company, Inc.*), both of which are incorporated herein by reference.

## II. DISCUSSION

Federal Rule of Civil Procedure 19, incorporated into this adversary proceeding by Federal Rule of Bankruptcy Procedure 7019, requires the Court to undertake a two-step analysis. "The [C]ourt must first determine under Rule 19(a) whether the party is [required] to the suit and must therefore be joined if joinder is feasible. If the absent party is [required] but cannot be

---

[5]      Standard's Reply Memo. in Support of Motion, p. 3.

[6]      Standard's Memo. in Support of Motion, p. 2.

joined, the [C]ourt must then determine under Rule 19(b) whether the party is indispensable.  If

so, the suit must be dismissed."[7]

A person who is subject to service of process and whose joinder will not deprive the

Court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the

Court cannot accord complete relief among existing parties; or (B) that person claims an interest

relating to the subject of the action and is so situated that disposing of the action in the person's

absence may: (i) as a practical matter impair or impede the person's ability to protect the interest;

or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or

otherwise inconsistent obligations because of the interest.[8]

The "interest" described by Rule 19 "must be legally protected, not merely a financial

interest or interest of convenience.  The absentee must have a direct stake in the pending

litigation; an interest in related subject matter is not sufficient to be defined as a [required]

party."[9]  Also, Rule 19's indispensability standards "are to be applied in a practical and pragmatic

but equitable manner. . . .  The moving party has the burden of persuasion in arguing for

dismissal."[10]  "The proponent of a motion to dismiss under 12(b)(7) has the burden of producing

evidence showing the nature of the interest possessed by an absent party and that the protection

of that interest will be impaired by the absence. . . .  The proponent's burden can be satisfied by

---

[7]     *Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996).

[8]     FED. R. CIV. P. 19(a).

[9]     *Old Colony Ventures I, Inc. v. SMWNPF Holdings, Inc.*, 968 F.Supp. 1422, 1430 (D. Kan. 1997) (internal quotes omitted).

[10]     *Rishell*, 94 F.3d at 1411 (internal quotes and citations omitted).

providing affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence."[11]

## A.    Debtor

It is black-letter law, and Standard admits, that the Trustee is the representative of the bankruptcy estate and has the capacity to sue and be sued.[12]  As such, and although the Trustee is incorrect when he suggests that "the Debtor is already a party to this action" merely by virtue of § 323,[13] the Trustee is correct that he is the real party in interest with respect to the administration of estate assets in this chapter 7 case.[14]  "Unless the estate is solvent and excess will eventually go to the debtor, or unless the matter involves rights unique to the debtor [such as dischargeability of debts or claimed exemptions], the debtor is not a party aggrieved by orders affecting the administration of the bankruptcy estate."[15]  The contract rights and causes of action at issue in this adversary proceeding are § 541 property of the estate, not the Debtor, and do not involve rights unique to the Debtor.  As such, they are under the exclusive control of the Trustee

---

[11]    *Citizen Band Potawatomi Indian Tribe of Oklahoma v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994) (internal quotes and citations omitted).

[12]    11 U.S.C. § 323.

[13]    Trustee's Memo. in Opposition to Motion, p. 2.

[14]    *Riggs v. Aetna Life Ins. Co.*, 188 Fed.Appx. 659, 663 (10th Cir. 2006) (chapter 7); *Dawnwood Props./78 v. Thorson (In re Dawnwood Props./78)*, 209 F.3d 114, 116 (2d Cir. 2000) (chapter 11); *In re New Era, Inc.*, 135 F.3d 1206, 1209 (7th Cir. 1998) (chapter 7); *Bellini Imports, Ltd. v. Mason & Dixon Lines, Inc.*, 944 F.2d 199, 202 (4th Cir. 1991) (chapter 11); *cf. Smith v. Rockett*, 522 F.3d 1080 (10th Cir. 2008) (discussing the distinctions between chapter 7 and chapter 13 cases).

[15]    *Weston v. Mann (In re Weston)*, 18 F.3d 860, 863-64 (10th Cir. 1994).

and his determinations regarding administration of the estate.  The Court can accord complete

relief among the existing parties to this action with respect to the estate's rights and obligations.[16]

And although the Court has, at times, allowed the Debtor to speak through its separate

counsel in certain circumstances, the Court has never made any findings regarding the Debtor's

solvency.  In fact, given the complex, lengthy, and metastasizing nature of the main bankruptcy

case and its associated adversary proceedings, any statement about the Debtor's solvency at this

point would be pure speculation.[17]

In any event, Standard has not even attempted to demonstrate solvency and, more

fundamentally, a debtor's solvency-based standing to take certain actions and participate in

certain proceedings is not coterminous with the joinder provisions of Rule 19 given the

distinction between a debtor and a bankruptcy estate.  Likewise, Standard's intimation that the

Debtor or its shareholders may sue the Trustee for the manner in which he administers the estate

is too unsubstantiated and speculative to raise a "substantial risk" of double, multiple, or

otherwise inconsistent obligations for existing parties,[18] and the Debtor's absence from this

adversary proceeding will not impair or impede its ability to protect any such rights.  Standard

has therefore failed to meet its burden to show any "legally protected interest" or "direct stake"

---

[16]    The Debtor's alleged disagreement with the Trustee's estate administration does not
change this analysis.  Trustees routinely exercise their avoidance and other powers to undo or otherwise
revisit transactions to which debtors are parties.

[17]    *Cf. Kehoe v. Schindler (In re Kehoe)*, 221 B.R. 285, 288-89 (1st Cir. BAP 1998)
(speculation as to potential future solvency insufficient to confer appellate standing as "person
aggrieved"); *In re Jorczak*, 314 B.R. 474, 479-80 (Bankr. D. Conn. 2004) (requiring "sufficient
possibility" of solvency as prerequisite for debtor's standing to object to claims).

[18]    *Sac & Fox Nation of Missouri v. Norton*, 240 F.3d 1250, 1259 (10th Cir. 2001) ("The
key is whether the possibility of being subject to multiple obligations is real; an unsubstantiated or
speculative risk will not satisfy the Rule 19(a) criteria.") (internal quotes omitted).

that would require the Debtor's joinder in this adversary proceeding.  For all the foregoing

reasons, the Motion with respect to the Debtor is accordingly DENIED.

**B.    Hiawatha**

Standard's argument that Hiawatha is a required party to this adversary proceeding

because of the purported sale and "other agreements" involving certain defendants is essentially

the flip side of Hiawatha's argument for the necessary joinder of Standard Industries, Inc. and

others in *Rushton v. Hiawatha Coal Company, Inc.*, which the Court rejected in its Memorandum

Decision Denying Hiawatha Coal Company, Inc.'s Rule 19 Motion to Compel Joinder or, in the

Alternative, Motion to Dismiss and which is incorporated herein by reference.  Both that decision

and the Court's Memorandum Decision Denying Hiawatha Coal Company, Inc.'s Motion for

Partial Summary Judgment, Granting the Chapter 7 Trustee's Cross-Motion for Summary

Judgment, and Striking the Trial Dates of May 27 and 28, 2009 are currently on appeal.

First, Hiawatha's presence in this action is unnecessary for according complete relief

among the existing parties.  The parties' rights and obligations with respect to UtahAmerican

Energy, Inc. and to various alleged transfers (including the validity of various alleged security

interests) do not affect and are not affected by Hiawatha, and Hiawatha's presence is unnecessary

for resolving these issues.  Second, Hiawatha's direct legal interests in the purported sale are the

subject of a separate adversary proceeding and at best could be considered interests in "related

subject matter" to the claims against Standard in this action.  But Standard has failed to

demonstrate what legally protected interests of Hiawatha exist in this action or how Hiawatha's

absence would impair or impede its ability to protect any such interests.[19]  Third, assuming the

---

[19]        Moreover, the Tenth Circuit has recognized that "the prejudice to the relevant party's
interest may be minimized if the absent party is adequately represented in the suit."  *Rishell*, 94 F.3d at

estate's rights *vis-à-vis* Standard were resolved by the Court, leaving only potential disputes between Standard and Hiawatha, it is unclear what the scope of the Court's jurisdiction would be to resolve any such disputes.  But at any rate, "[t]he key is whether the possibility of being subject to multiple obligations is real; an unsubstantiated or speculative risk will not satisfy the Rule 19(a) criteria."[20]  Standard has simply failed to meet its burden to show even the potential for double, multiple, or inconsistent obligations as to existing parties, let alone a "substantial risk" of Rule 19(a)(1)(B)(ii)'s undesirable outcomes.

As with *Rushton v. Hiawatha Coal Company, Inc.*, there is little question that the outcome of this adversary proceeding will have significant consequences no matter how it is resolved, but every possible consequence does not give rise to the required joinder of a person who might be affected and inter-creditor disputes not affecting the estate are often outside the purview of this Court.  Hiawatha's "financial interests or interests of convenience" do not make Hiawatha a required party, and complete relief can certainly be accorded in its absence.  Accordingly, the Motion with respect to Hiawatha is DENIED.

---

1411 (internal quotes and citations omitted).  Although Hiawatha has now been joined as a limited third-party defendant in this action with respect to certain issues, the Amended Answer, Counterclaim, Cross-Claim, and Third Party Complaint makes clear that Standard Industries, Inc. and others are in accord with Hiawatha regarding Hiawatha's view of the purported sale.  The assertion that Standard and Hiawatha have "different attorneys with different litigation strategies and tactics", Standard's Reply Memo. in Support of Motion, p. 2, is not a convincing basis for finding a "substantial risk" of either inconsistent outcomes or the insufficiency of Standard's proxy representation of Hiawatha's position *vis-à-vis* the purported sale.

[20]     *Norton*, 240 F.3d at 1259.

### III.  CONCLUSION

For the reasons stated above, the Court finds that neither the Debtor nor Hiawatha are

"required parties" to this adversary proceeding under Rule 19(a)(1).  Accordingly, the Motion is

DENIED.  The Court will issue an accompanying Order to this effect.

---------------------------------------END OF DOCUMENT---------------------------------------------



_____oOo0oOo_____
### SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION DENYING STANDARD INDUSTRIES, INC.; ABM, INC.; FIDELITY FUNDING COMPANY; SECURITY FUNDING, INC.; AND WORLD ENTERPRISES' MOTION TO DISMISS FOR FAILURE TO JOIN NECESSARY PARTIES** will be effected through the Bankruptcy Noticing Center to each party listed below.

Michael N. Zundel
**Prince Yeates & Geldzahler**
City Center 1, Suite 900
175 East 400 South
Salt Lake City, UT  84111
    *Counsel for Plaintiff*

F. Mark Hansen
**F. Mark Hansen, P.C.**
431 North 1300 West
Salt Lake City, UT  84116
    *Counsel for Defendants*